Filed 8/20/20  Phancao v. Jackson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PATRICK PHANCAO, | |
| Plaintiff and Appellant, | G057079 |
| v. | (Super. Ct. No. 30-2017-00901913) |
| CHAPTER KRIS JACKSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeals from orders of the Superior Court of Orange County, Geoffrey T. Glass, Judge.  Affirmed and remanded.  Motion to dismiss appeal.  Denied.  Motion to dismiss cross-appeal.  Granted.

Morten & Fairchild, Aaron B. Fairchild and Robert W. Miller for Plaintiff and Appellant.

Chapter Kris Jackson, in pro. per., for Defendant and Appellant.

\*          \*          \*

**INTRODUCTION**

Patrick Phancao appeals from an order granting a motion brought by Chapter Kris Jackson to vacate a default and default judgment against her. Jackson's motion was untimely under Code of Civil Procedure sections 473, subdivision (b) (section 473(b)) and 473.5 (section 473.5), and the default judgment was not void on its face. We conclude, however, the trial court correctly granted nonstatutory, equitable relief based on extrinsic fraud or mistake and therefore affirm.

Jackson cross-appealed from that part of the trial court's order denying her motion to dismiss for lack of personal and subject matter jurisdiction. We grant Phancao's motion to dismiss the cross-appeal because an order denying a motion to dismiss or quash service of summons for lack of personal or subject matter jurisdiction is not directly appealable.

**FACTS AND PROCEDURAL HISTORY**

Phancao, an attorney, filed a complaint against Jackson on February 7, 2017. The complaint asserted causes of action for fraud and deceit, breach of oral contract, money had and received, and accounting. The allegations arose out of Phancao's representation of Jackson in handling estate planning and asset protection services. The complaint alleged that Jackson fraudulently induced Phancao to entrust her with $165,860 for investment and partnership purposes.

Attempts at personal service of the summons and complaint were made at several addresses, including one in Murrieta, California. That address appeared on a letter to Jackson dated December 5, 2016 from the State Bar of California that had been sent in response to Jackson's allegations of misconduct against Phancao.[1] Personal

---

[1] The State Bar concluded: "Based on our review and evaluation of all relevant circumstances, we have decided that your complaint is best resolved by issuing Mr. Phancao a warning letter as provided for in the State Bar's Rules of Procedure. The

2

service on Jackson was also attempted at addresses in the Kansas City, Kansas area. Phancao claims that after those attempts at personal service were unsuccessful, substitute service on Jackson was made by service at a UPS Store in Lenexa, Kansas at which Jackson was believed to have a private mailbox.

Default was entered on September 5, 2017, and a court judgment by default based on plaintiff's written declaration was entered on September 21, 2017. The judgment was in the total amount of $185,748.88. Notice of entry of judgment was served on Jackson on September 29, 2017.

Jackson, representing herself, filed a notice of appeal from the default judgment on September 28, 2017, just one week after its entry. Her appeal (No. G055490) was dismissed in March 2018 for her failure to file an opening brief, and remittitur was issued in May 2018.

Jackson retained an attorney who, in September 2018, filed a motion to quash service of summons, set aside the default, vacate the default judgment, and dismiss for lack of personal and subject matter jurisdiction. We refer to this motion as the motion to vacate and dismiss. In the motion to vacate and dismiss, Jackson argued that Phancao had obtained the default judgment by extrinsic fraud and that she did not become aware of Phancao's complaint until a copy of the default judgment was left by an unknown party at rental property she owned in Kansas City, Kansas. Jackson requested relief from the default and default judgment and moved to dismiss the complaint for lack of personal and subject matter jurisdiction. Phancao filed opposition and supporting documents.

In support of the request for entry of default, Phancao had submitted an affidavit of due diligence from process server Ed McPheeters, who stated he had successfully served the summons and complaint on Mary Stanley, the owner of the UPS Store in Lenexa, Kansas. According to McPheeters, Stanley "confirmed subject is on the

warning letter gives guidance and direction to Mr. Phancao intended to prevent the type of conduct you reported from occurring in the future."

3

lease[] but has not seen her.  Usually a gentleman picks up the mail for this box."  In support of the motion to vacate and dismiss, Jackson submitted two affidavits from Stanley.  In her first affidavit, dated July 23, 2018, Stanley stated:  "This business is contracted with the United States Postal [*sic*] Office and we do not accept service of any kind for any type of court documents for any participants who rent The UPS Store mailboxes."  In her second affidavit, dated August 23, 2018, Stanley stated that McPheeters's affidavit was false, she "never confirmed Chapter Jackson is on the lease," and she "never informed Mr. McPheeters or made any statement that 'usually a gentleman picks up the mail for this box.'"

In the tentative ruling, the trial court, observing the conflict between Stanley's affidavits and that of McPheeters, found:  "Given[] Stanley's denial of the statement of confirmation that [Jackson] leased a mail box, [Phancao] has failed to show that [Jackson] leased a mail box at the subject UPS store where [Phancao] attempted substitute service on [Jackson].  Additionally, in her affidavit dated 07/23/18, Stanley states that she 'was never informed by the person serving the documents of the content.'"  The court also stated the issue of jurisdiction was "premature at this point."

At the hearing on the motion to vacate or dismiss, the trial court denied the motion to dismiss for lack of jurisdiction because "that's not properly addressed in the issue here."  After taking the matter under submission, the trial court issued a minute order denying the request to dismiss the complaint for lack of personal jurisdiction and subject matter jurisdiction, granting the motion to vacate and dismiss, and ordering that the default and default judgment be vacated.

Phancao filed a notice of appeal from the order granting Jackson's motion to vacate and dismiss.  Jackson also filed a protective cross-appeal to challenge the ruling denying her motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction.

4

## MOTIONS TO DISMISS

Phancao filed a motion to dismiss Jackson's cross-appeal on the ground Jackson was not aggrieved by the trial court's order. Jackson filed a motion to dismiss Phancao's appeal or strike the opening brief. We issued an order stating those motions to dismiss would be decided in conjunction with the decision on appeal.

We grant Phancao's motion to dismiss the cross-appeal but on the ground of lack of appellate jurisdiction. Jackson appealed from the order denying her motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction. An order denying a motion to quash service of summons or dismiss for lack of personal jurisdiction is not directly appealable; immediate appellate review is available only by means of petition for extraordinary writ. (*McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252, 256-257; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1173.) An order denying a motion to dismiss for lack of subject matter jurisdiction is neither a final judgment nor an order made appealable under Code of Civil Procedure section 904.1, subdivision (a), which is the exclusive list of appealable judgments and orders. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19.) This case does not present extraordinary circumstances that would justify treating Jackson's appeal as a petition for writ of mandate. (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367.)

We therefore lack jurisdiction over Jackson's cross-appeal and dismiss it. The trial court denied the motion to dismiss as premature without considering the merits and therefore denial of the motion was without prejudice to renewing it after the matter is remanded.

Jackson based her motion to dismiss Phancao's appeal or strike the opening brief on three grounds: (1) Phancao's appendix does not contain documents that have been file stamped and contains some documents that were rejected by the trial court; (2) the record citations in Phancao's opening brief are invalid because the appellant's

5

appendix violates California Rules of Court, rule 8.124; and (3) the order appealed from is not an appealable order. We issued an order denying Jackson's motion to strike the appellant's opening brief and deferring a ruling on the motion to dismiss the appeal.

In response to Jackson's motion to dismiss the appeal, Phancao moved for leave to strike volumes 1 through 3 of his appellant's appendix and to file in their place corrected volumes 1 through 3. We granted the motion. The corrected appendix includes file-stamped copies of the motion to vacate and dismiss and the supplement to the motion to vacate and dismiss and thereby resolves the defects in the appendix raised by Jackson's motion to dismiss the appeal.

In her motion to dismiss the appeal, Jackson argued the order granting her motion to vacate and dismiss is not appealable. It is. An order granting a statutory motion to vacate or set aside a default and default judgment is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2) as an order made after final judgment. (*County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 834; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2019) ¶ 2:166, p. 2-120.) An order granting a nonstatutory motion for equitable relief from a judgment based on extrinsic fraud or mistake is likewise appealable as an order made after final judgment. (Eisenberg et al., *supra*, ¶ 2:166, p. 2-120; see *Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933 [order denying nonstatutory motion to vacate judgment is appealable]; *Cope v. Cope* (1964) 230 Cal.App.2d 218, 229 [order denying motion to set aside judgment based on extrinsic fraud or mistake is appealable].) Jackson's motion to dismiss Phancao's appeal is denied.

# DISCUSSION

## I.

## Overview of Relevant Law and Standard of Review

Code of Civil Procedure section 473, subdivision (d) (section 473(d)) grants a trial court discretion to set aside a void judgment. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*).) A void judgment may be set aside at any time. (*Id.* at p. 1021; *Lee v. An* (2008) 168 Cal.App.4th 558, 563-564.) The trial court has no power under section 473(d) to set aside a judgment that is not void. (*Pittman, supra*, at p. 1009.) "The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion." (*Id.* at p. 1020.)

A motion to set aside a judgment that is voidable, rather than void, must be brought within the time limits of section 473(b) or section 473.5. Section 473(b) provides that an application for relief must be made within a reasonable time but not longer than six months after the judgment or dismissal has been entered. "This six-month time limitation is jurisdictional; the court has no power to grant relief under section 473 once the time has lapsed." (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928.) An order granting or denying relief under section 473(b) is reviewed under the abuse of discretion standard. (*Austin v. Los Angeles Unified School Dist., supra*, 244 Cal.App.4th at p. 929.)

Section 473.5 grants a trial court authority to set aside a default or default judgment if "service of a summons has not resulted in actual notice to a party in time to defend the action." A motion seeking relief under section 473.5 must be filed and served "within a reasonable time" and no later than the earlier of two years after entry of default judgment or 180 days after service of a written notice that the default or default judgement has been entered. (*Id.*, subd. (a).) An order granting or denying relief under

7

section 473.5 is reviewed under the abuse of discretion standard.  (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319.)

After the time limitations of sections 473(b) and 473.5 have elapsed, and statutory relief is no longer available, a court may grant relief based on nonstatutory, equitable grounds, such as extrinsic fraud or mistake.  (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471 (*Kulchar*); *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228 (*Gorham*).)  An order granting or denying a motion to vacate a default judgment on equitable grounds is reviewed under the abuse of discretion standard. (*Gorham, supra*, at p. 1230.)

The test for abuse of discretion is whether the trial court's decision exceeded the bounds of reason.  (*Shamblin v. Brattin* (1988) 44 Cal.3d 474, 478-479.)  If more than one reasonable inference can be deduced from the facts, the reviewing court must accept the inference supporting the trial court's decision.  (*Ibid.*)  The trial court's factual findings are reviewed under the substantial evidence standard while the trial court's legal conclusions are reviewed de novo.  (*Gorham, supra*, 186 Cal.App.4th at p. 1230.)  In applying the abuse of discretion standard, the reviewing court measures the evidence presented to the trial court against the range of options permitted by the established legal criteria.  (*Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1089.)  The scope of the trial court's discretion is limited by the governing law, and an action that ""transgresses the confines of the applicable principles of law""" constitutes an abuse of discretion.  (*Ibid.*)

## II.

## The Trial Court Did Not Err by Vacating the Default and Default Judgment.

A. *The Motion to Vacate or Dismiss Was Untimely under Sections 473(b) and 473.5*

Jackson did not timely seek relief under sections 473(b) and 473.5. The default judgment was entered in September 2017. Notice of entry of judgment was served seven days later. Jackson filed her motion to set aside the default and vacate the default judgment about one year later, in September 2018.

Jackson's motion was untimely under section 473(b) because it was filed more than six months after entry of judgment, and was untimely under section 473.5 because it was filed more than 180 days after service of notice of entry of judgment. The notice of entry of judgment was served on Jackson at four addresses, including 1507 Pine Drive, Apartment F2, Atlanta, Georgia 30349, which is the address she gave on her notice of appeal. In her respondent's brief, Jackson acknowledges she was living at the Atlanta, Georgia address at that time.

B. *The Default Judgment Was Not Void on Its Face.*

Under section 473(d), a trial court may, at any time, vacate a judgment that is void on its face. "An order is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence." (*Pittman, supra*, 20 Cal.App.5th at p. 1021.) "If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face." (*Ibid.*)

The default judgment against Jackson was not void on its face. Substitute service can be made on a private or commercial post office box by leaving process in the presence of a person who appears to be in charge of the business. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 546 & fn. 3.) In *Hearn v. Howard* (2009) 177 Cal.App.4th

9

1193, 1202, substitute service was made by leaving the documents being served with a clerk at a private post office box rental store and thereafter mailing the documents to the same address by first class, postage prepaid mail. Service on Jackson was made in the same way: McPheeters stated in the affidavit of service he left the summons and complaint with Stanley, the owner of the UPS Store in Lenexa, Kansas, after she had confirmed that Jackson "is on the lease." The summons and complaint were mailed, first class and postage prepaid, to Jackson at the address for that UPS Store. Nothing on the face of the proof of service or affidavit of service would render the judgment void.

Only through extrinsic evidence could Jackson attempt to show the default and default judgment were invalid. Indeed, in her motion papers, Jackson argued extrinsic evidence, namely, Stanley's affidavits, revealed the affidavit of service contained false information. She argues the proof of service was void on its face (for example, she claimed the process server gave a false name); however, in order to show the judgment was void, she had to rely on extrinsic evidence.

C. *Jackson Was Entitled to Equitable Relief.*

Because the judgment was not void on its face, and the time for seeking relief under sections 473(b) and 473.5 had elapsed, only equitable relief based on a finding of extrinsic fraud or mistake was potentially available to Jackson. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.) We infer that the trial court granted Jackson equitable relief based on a finding of extrinsic fraud or mistake. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 59-60.)

Extrinsic fraud arises when a party has been deliberately kept ignorant of an action or proceeding or has been fraudulently prevented from presenting a claim or defense. (*Kulchar, supra*, 1 Cal.3d at p. 471; *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1300.) Extrinsic fraud typically arises when the party obtaining the default used fraud or deception, for example by a false promise of settlement, to induce

10

the defaulted party not to present his or her case, or when the party obtaining the default took steps to keep the defaulted party ignorant of the lawsuit. (*Kulchar, supra,* 1 Cal.3d at p. 471.) Extrinsic mistake arises when circumstances extrinsic to the litigation unfairly prevent a party from obtaining a determination on the merits. (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 47.) Extrinsic mistake, unlike extrinsic fraud, affords relief for the defaulting party's excusable neglect rather than for another party's fraud or misconduct. (*Ibid.*)

Jackson contends Phancao committed extrinsic fraud by having the summons and complaint served on the UPS Store in Lenexa, Kansas and submitting a false affidavit of service from the process server. In her motion to vacate and dismiss, Jackson argued "a false recital of service . . . is treated as extrinsic fraud or mistake in the context of an equitable action to set aside a default judgment" and "[a] court of general jurisdiction has inherent equity power, aside from statutory authorization, to vacate and set aside default judgments obtained through extrinsic fraud or mistake."

A false return of summons may constitute extrinsic fraud or mistake. (*Gorham, supra*, 186 Cal.App.4th at p. 1229.) "When a judgment or order is obtained based on a false return of service, the court has the inherent power to set it aside [citation], and a motion brought to do so may be made on such ground even though the statutory period has run." (*Ibid.*; see *Munoz v. Lopez* (1969) 275 Cal.App.2d 178, 182 [statutory time deadlines do not bar "equitable attack upon a judgment for lack of jurisdiction of the cause where that jurisdiction is in turn dependent on personal service on the defendant who at the later date seeks to question that service"].)

We can infer, based on the trial court's tentative and final rulings, that the trial court found the affidavit of service submitted by Phancao was false and constituted extrinsic fraud or mistake leading to entry of the default and default judgment. The two declarations from Stanley constituted substantial evidence supporting the court's implied findings. The court considered the conflict between Stanley's declaration and

11

McPheeter's affidavit of service and resolved the conflict in favor of granting Jackson relief. We accept the trial court's determination of the credibility of witnesses presenting testimony by declaration. (*United Health Centers of San Joaquin Valley, Inc. v. Superior Court* (2014) 229 Cal.App.4th 63, 74; *Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1450.)

To obtain equitable relief based on extrinsic fraud or mistake, the defaulted party must show: (1) a meritorious case; (2) satisfactory reasons for not presenting the defense to the original action; and (3) diligence in seeking to set aside the default or default judgment once it was discovered. (*Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 982; *Lee v. An, supra*, 168 Cal.App.4th at p. 566.) We infer the trial court made implied findings in Jackson's favor on those three requirements. (*Fladeboe v. American Isuzu Motors Inc., supra*, 150 Cal.App.4th at pp. 59-60.)

In his opening brief, Phancao, who bears the burden on appeal of proving error, did not argue that substantial evidence does not support those findings or that Jackson failed to satisfy those three requirements for equitable relief. It was not until his reply brief that Phancao argued that Jackson had failed to show that she had a meritorious defense and had acted diligently in seeking equitable relief from the default judgment. Arguments raised for the first time in the reply brief are deemed forfeited. (*Estate of Bonzi* (2013) 216 Cal.App.4th 1085, 1106, fn. 6 ["While appellants do expound on this point in the reply brief, we do not consider arguments raised for the first time in a reply brief"]; *Chicago Title Ins. Co. v. AMZ Ins. Services, Inc.* (2010) 188 Cal.App.4th 401, 427-428 [arguments raised for the first time in the appellant's reply brief are forfeited].)

Under the established legal criteria, equitable relief is an option when a default judgment was obtained by extrinsic fraud or mistake, and a false return of service may constitute extrinsic fraud or mistake. Substantial evidence supported the trial court's implied finding of extrinsic fraud or mistake. Phancao forfeited the argument that Jackson did not satisfy the requirements for equitable relief. The trial court therefore had

12

the option of granting Jackson relief from the default and default judgment and acted within its discretion by granting Jackson's motion to vacate or dismiss and ordering the default and default judgment be vacated.

## DISPOSITION

The order granting Jackson's motion to set aside or vacate the default and default judgment and ordering the default and default judgment be vacated is affirmed. The matter is remanded for further proceedings. Because Jackson is the prevailing party on Phancao's appeal, and Phancao is the prevailing party on Jackson's appeal, in the interests of justice, no party shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2), (3) & (5).)


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


GOETHALS, J.