Filed 8/24/20  Mireskandari v. Marks & Sokolov CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHAHROKH MIRESKANDARI et al., | B291935 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC531449) |
| v. | |
| MARKS & SOKOLOV, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

James & Associates, Becky S. James and Lisa M. Burnett for Plaintiffs and Appellants.

Kaufman Dolowich & Voluck, Barry Z. Brodsky and Brian D. Peters for Defendant and Respondent Marks & Sokolov, LLC.

Jenner & Block, Michael P. McNamara, Alexander M. Smith and Matthew S. Hellman for Defendant and Respondent Seyfarth Shaw, LLP.

Wilson Elser Moskowitz Edelman & Dicker, Peter C. Catalanotti and Michael V. Shepherd for Defendant and Respondent Novak, Druce, Connolly, Bove & Quigg, LLP.

―――――――――――――

The trial court dismissed plaintiffs' claims against defendants after plaintiffs twice failed to appear at scheduled hearings of which they had notice. Nearly six months later, plaintiffs moved to vacate the dismissal under Code of Civil Procedure[1] section 473, subdivisions (b) and (d). The trial court denied the motion, and plaintiffs appealed.

As we discuss, the trial court did not err in denying the motion to vacate. The order of dismissal was not "void" within the meaning of section 473, subdivision (d) because the trial court had fundamental jurisdiction over the parties and the claims, and the trial court did not abuse its discretion by concluding that plaintiffs had not timely sought relief within the meaning of section 473, subdivision (b). Accordingly, we affirm the order denying the motion to vacate.

―――――――――――――

[1] All subsequent statutory references are to the Code of Civil Procedure.

2

## FACTUAL AND PROCEDURAL BACKGROUND

### I.

### Background

*A.      The Parties*

Shahrokh Mireskandari and Paul Baxendale-Walker, both disbarred United Kingdom solicitors, filed the present legal malpractice action in December 2013 against three law firms—Seyfarth Shaw, LLP (Seyfarth), Marks & Sokolov (Marks), and Novak Druce Connolly Bove Quigg, LLP (Novak)—that had represented plaintiffs in other actions.  Seyfarth filed a cross-complaint against Mireskandari for unpaid legal fees.

In January 2015, the trial court stayed this action pending the completion of related proceedings in other judicial and arbitral forums.

*B.      Goshgarian's Motion to be Relieved as Plaintiffs'
         Counsel*

In 2016, plaintiffs' counsel, Goshgarian & Marshall, PLC (Goshgarian) moved to withdraw as counsel of record.  On August 4, 2016, the court granted the motion and ordered Goshgarian relieved as counsel "effective upon the filing of the proof of service of this signed order upon [plaintiffs]" at "4035 Valley Meadow Road, Encino, CA 91436."[2]

---

[2]      It appears from the record that this was Mireskandari's home address.  Goshgarian represented that it had been instructed to serve Baxendale-Walker at Mireskandari's home address; it had attempted to obtain Baxendale-Walker's home address in London, but neither Baxendale-Walker nor Mireskandari had provided it.

The court's order stated that the next hearing was set for February 7, 2017, and it advised plaintiffs per the appropriate Judicial Council form as follows:

—"[I]f the client will be representing himself or herself, the client shall be solely responsible for the case. [¶] NOTICE TO CLIENT WHO WILL BE UNREPRESENTED[:] . . . You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case."

—"[I]t is the client's duty to keep the court informed at all times of the client's current address. [¶] NOTICE TO CLIENT WHO WILL BE UNREPRESENTED[:] The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case."

Goshgarian served both plaintiffs with a notice of ruling and copy of the order by mail at Mireskandari's home address.[3]

---

[3] Below, plaintiffs did not contest the accuracy of the service address. On appeal, however, plaintiffs assert that the notice was misaddressed because two digits of the zip code were transposed. Because plaintiffs did not raise this issue below, we deem it forfeited. (See *Pacifica First National, Inc. v. Abekasis* (2020) 50 Cal.App.5th 654, 657 [plaintiff who defaulted on cross-complaint forfeited appellate argument that proof of service of

4

*C.    Plaintiffs' Failure to Appear at the February 7, 2017*
*Status Conference*

On January 27, 2017, counsel for Seyfarth filed a case management statement indicating that a status conference would take place on February 7, 2017.  Seyfarth's counsel served the case management statement on both plaintiffs at Mireskandari's home address.

Neither plaintiff appeared at the February 7, 2017 status conference.  The court therefore continued the status conference to October 12, 2017, and set for the same day an order to show cause why plaintiffs' action should not be dismissed for failure to appear at the status conference.

It is unclear whether a notice of the February 7, 2017 ruling was served on plaintiffs.  Counsel for Seyfarth stated she had prepared notice of the court's ruling, but she was not able to locate a copy of the proof of service corresponding to that notice.

*D.    Plaintiffs' Failure to Appear at the October 12, 2017*
*Status Conference; Order Dismissing the Action*
*Without Prejudice*

On September 28, 2017, counsel for Novak filed a case management statement indicating that a status conference would take place on October 12, 2017.  The case management statement was served on an attorney representing Mireskandari in a separate proceeding.

On October 3, 2017, counsel for Marks served notice that it would appear telephonically at the October 12, 2017 status

cross-complaint was insufficient by failing to raise it in the trial court].)

5

conference. The notice was served on both plaintiffs at Mireskandari's home address.

Neither plaintiff appeared at the October 12, 2017 status conference. The court therefore ordered plaintiffs' claims dismissed without prejudice and set a further status conference for November 13, 2017 to discuss whether Seyfarth intended to proceed with its cross-complaint. Seyfarth's counsel prepared a notice of dismissal of plaintiffs' claims and of further status conference, which was served on both plaintiffs at Mireskandari's home address in Encino, and on Baxendale-Walker at a London address.[4]

On November 3, 2017, counsel for Seyfarth filed and served notice that it had dismissed its cross-complaint against Mireskandari, and that the status conference had been vacated in light of the dismissal of *all claims*. That notice was served on both plaintiffs at Mireskandari's home address in Encino, and on Baxendale-Walker in London.

---

[4] In their reply brief, appellants assert that "[it] is not known" whether the London address at which Baxendale-Walker was served was his correct address. To the extent there is uncertainty concerning Baxendale-Walker's address, it is because he failed to provide it to the court and the parties in violation of his duty to "keep the court and other parties informed of [his] current address." Moreover, while Baxendale-Walker's address remains unknown to the parties and the court, it undoubtedly is known to Baxendale-Walker *himself*. We trust he would not have hesitated to advise the court had he been served at an incorrect address.

## II.
## Plaintiffs' Section 473 Motion

Nearly six months later, on April 10, 2018, plaintiffs moved under section 473 for an order vacating the October 12, 2017 dismissal of plaintiffs' claims.  Plaintiffs urged they were entitled to relief under section 473, subdivision (d) (section 473(d)) because they had not received notice that the case could be dismissed at the October 12, 2017 status conference, thus rendering the dismissal order void.  Alternatively, plaintiffs urged the trial court to grant relief under section 473, subdivision (b) (section 473(b)), because plaintiffs were operating under the mistaken belief that their appearances were not required at the October 12 hearing due to the court-imposed stay.

Mireskandari and Baxendale-Walker submitted nearly identical declarations in support of their motion to vacate.  Each plaintiff stated that he had not received notice that Goshgarian had been relieved or that status conferences had been scheduled for February 7, 2017 or October 12, 2017.  Therefore, Mireskandari said, it "came as a complete surprise to me when I was recently forwarded a copy of the Court's October 12, 2017 Minute Order dismissing my claims."  Baxendale-Walker made a similar statement, saying that "[i]t . . . came as a complete shock and surprise to me when Plaintiff Shahrokh Mireskandari recently informed me, by forwarding a copy of the Court's October 12, 2017 Minute Order, that our lawsuit had been dismissed."

Defendants opposed the motion to vacate, contending that plaintiffs were not entitled to relief under section 473(b) or (d).  Among other things, defendants urged that the judgment of dismissal was not void; plaintiffs had actual and constructive notice of the status conferences and the possibility their claims

7

would be dismissed if they failed to appear; and the dismissal did not result from plaintiffs' inadvertence, mistake, or excusable neglect.

On June 11, 2018, the trial court denied plaintiffs' motion to vacate. Preliminarily, the court noted that the relevant proofs of service indicated that both plaintiffs had been served by mail at Mireskandari's home address in Encino. Mireskandari did not contest the accuracy of this address, and Goshgarian had submitted a declaration in support of its motion to be relieved as counsel stating that the firm had been directed to provide all communications to Baxendale-Walker at Mireskandari's home address. Accordingly, the court "regards notice accomplished upon Mireskandari's address as likewise accomplished on Baxendale-Walker."

The court further found that both plaintiffs had notice of the February 7, 2017 status conference. The court noted that Goshgarian had filed proofs of service on plaintiffs of the order relieving Goshgarian as counsel and notifying plaintiffs of the February status conference. Seyfarth likewise served a case management statement on plaintiffs indicating the date of the status conferences. The court therefore concluded that plaintiffs' representations that they did not receive those notices and did not believe anything was required of them during the stay "are not credible."[5]

---

[5] Plaintiffs assert that the trial court's conclusion that plaintiffs' sworn statements were not credible "cannot stand" because it is "both factually erroneous and represents a value judgment about [plaintiffs]." In fact, it was wholly within the trial court's province to decide whether to credit plaintiffs' representations that they had not received any of the documents

8

The court found it was "less clear" whether plaintiffs had notice of the order to show cause set for October 12, 2017. The court noted that Seyfarth had conceded that, although it had been ordered to give notice of the October 12 hearing, it could not locate a proof of service of such notice. And, although Marks had served a notice of telephonic appearance on October 3, 2017, and Novak had served a case management statement on September 28, 2017, both of which were served on plaintiffs, neither notice mentioned the order to show cause. The court therefore was "doubtful that that general notice afforded to Plaintiffs with the order granting their former attorneys relief, to the effect that failure to attend hearings could result in dismissal, is sufficient in light of this scant notice."

Notwithstanding the arguable lack of notice to plaintiffs that the court would consider dismissing their claims at the October 12, 2017 hearing, the court concluded plaintiffs were not entitled to have the dismissal vacated under section 473(b) and (d). First, the court found the dismissal order was not void, and thus was not subject to being set aside under section 473(d), because the court " 'had fundamental jurisdiction over the parties and the subject matter.' " Second, the court found plaintiffs were not entitled to relief under section 473(b) because they had not moved to vacate the dismissal within a reasonable time. The court explained: "A party moving for relief under section 473 must 'show diligence in filing its application under section 473

with which they had been served. (See *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 418.) Although plaintiffs denied receiving notice of the various rulings in this case, "the trial court was not obliged to believe [them]." (See *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1008.)

9

after learning about the default.  If there is delay in filing for relief under section 473, the reason for the delay must be substantial and must justify or excuse the delay.'  [Citation.] 'Delays of three months or more routinely result in denial of relief where is no explanation for the delay.'  [Citation.]  Here, dismissal was entered against Plaintiffs on October 12, 2017, and notice of that ruling was provided soon after.  Yet plaintiffs filed the present motion only on April 10, 2018, mere days away from the six-month deadline, and have provided nothing in their motion to indicate why this delay was reasonable."  Accordingly, the court "exercises its discretion in finding this near six-month delay to be unreasonable."

Plaintiffs timely appealed from the order denying the motion to vacate.[6]

### DISCUSSION

Plaintiffs contend:  (1) the order dismissing plaintiffs' complaint was void as matter of law, and thus the trial court erred in denying plaintiffs' motion under section 473(d); and (2) plaintiffs sought relief from the order of dismissal within a reasonable time, and thus the trial court abused its discretion by denying plaintiffs relief under section 473(b).  As we discuss, neither contention has merit.

---

[6]     An order denying a section 473 motion is an appealable order.  (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 171 [" 'in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under [the predecessor to section 904.1(a)(2)]' "].)

10

# I.
## Plaintiffs Were Not Entitled to Relief
## Under Section 473(d)

Under section 473(d), a trial court "may . . . set aside any void judgment or order." (§ 473, subd. (d).) By its plain terms, this provision grants a trial court the discretion to set aside a judgment or order at any time "if that judgment or order is 'void.'" (*People v. North River Insurance Co.* (2020) 48 Cal.App.5th 226, 232 (*North River*); *Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822 (*Peabody*).) "Voidness is a legal question we review de novo; the discretionary decision whether to set aside a void judgment or order is . . . reviewed solely for an abuse of that discretion." (*North River*, at p. 232; *Peabody*, at p. 822.)

"A judgment is 'void' only when the court entering that judgment 'lack[ed] jurisdiction in a fundamental sense' due to the ' "entire absence of power to hear or determine the case" ' resulting from the ' "absence of authority over the subject matter or the parties." ' (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 (*American Contractors*), quoting *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 287,288 (*Abelleira*).) To be sure, a court that ' " 'acts contrary to [its] authority' " ' ' "to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites" ' is often said to lack 'jurisdiction.' (*American Contractors*, at p. 661, quoting *Abelleira*, at pp. 288, 290.) But such acts do not render the court's ensuing judgment or order void. That is because 'jurisdictional errors can be of two types[:] A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment *void*, or it can merely

act in excess of its jurisdiction or defined power, rendering the judgment *voidable*.' (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.) Only void judgments and orders may be set aside under section 473, subdivision (d); voidable judgments and orders may not." (*North River, supra,* 48 Cal.App.5th at pp. 233– 234, italics added.)

Plaintiffs contend the order dismissing the complaint was void, and thus was subject to being set aside under section 473(d), because it was entered at a hearing of which they did not have notice. The Court of Appeal rejected a similar contention in *Lee v. An* (2008) 168 Cal.App.4th 558 (*Lee*), concluding that the absence of notice of a hearing rendered a judgment voidable, not void. In *Lee*, the plaintiffs provided the defendant with notice of an upcoming case management conference, but did not advise the defendant that failing to appear could result in sanctions. The defendant did not appear at the case management conference or at another hearing several months later. The trial court therefore struck the defendant's answer and, subsequently, entered a default and default judgment. (*Id.* at pp. 561–562.) Thereafter, the defendant moved under section 473 to set aside the default and default judgment, urging that she had not received notice the court was considering imposing terminating sanctions. The trial court denied the defendant's motion, and the defendant appealed. (*Id.* at pp. 562–563.)

The Court of Appeal affirmed, concluding that the judgment at issue was voidable, not void. The court explained that the distinction between void and voidable orders "is frequently framed in terms of the court's jurisdiction. 'Essentially, jurisdictional errors are of two types. "Lack of jurisdiction in its most fundamental or strict sense means an

12

entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." [Citation.]' [Citation.] For example, if a defendant is not validly served with a summons and complaint, the court lacks personal jurisdiction and a default judgment in such action is subject to being set aside as void. [Citation.] [¶] But when a statute authorizes a prescribed procedure and the court acts contrary to the authority conferred, the court exceeds its jurisdiction. [Citation.] 'Errors which are merely in excess of jurisdiction' . . . generally are not subject to collateral attack." (*Lee*, *supra*, 168 Cal.App.4th at pp. 563–564.)

In the case before the *Lee* court, the plaintiffs had not given the defendant notice that her answer could be stricken and her default taken if she failed to appear for the case management conference. The Court of Appeal thus concluded that the trial court had erred by entering defendant's default. But because the court had personal jurisdiction over the parties and subject matter jurisdiction over the action, the resulting default and default judgment were "voidable, not void." The defendant therefore was not entitled to relief under section 473(d). (*Lee*, *supra*, 168 Cal.App.4th at pp. 565, 566.)

The present case is analogous to *Lee*. Here, although the plaintiffs had notice of their attorneys' withdrawal and of the February 7, 2017 status conference, the trial court found it "less clear whether Plaintiffs [could] be regarded as having notice of the OSC re Dismissal set for October 12, 2017." As such, the October 12, 2017 dismissal order arguably was *voidable* because it may have been entered without proper notice to plaintiffs. (See

13

*Lee, supra*, 168 Cal.App.4th at p. 565.)  However, because the trial court indisputably had jurisdiction over the parties and the subject matter, the dismissal order was not *void*.  The trial court thus correctly concluded the order could not be vacated under section 473(d).

Plaintiffs acknowledge the holding in *Lee*, but they contend the present case is distinguishable because "in *Lee*, the party seeking relief waited two years before acting" and "[had] received a copy of the default judgment and notice of the case management conference."  The first supposed distinction is immaterial:  While the length of the delay is relevant for some purposes, it is wholly *irrelevant* to whether the underlying order is void.  And the second supposed distinction does not exist at all:  In the present case, as in *Lee*, the plaintiffs had notice of the relevant hearing, although they arguably did not have notice that their claims could be dismissed at that hearing.

Plaintiffs further contend that we should adopt the court's analysis in *Reid v. Balter* (1993) 14 Cal.App.4th 1186 (*Reid*), which they urge is contrary to *Lee*'s.  Not so.  In *Reid*, the trial court dismissed plaintiffs' complaint after the plaintiffs failed to attend a status conference; the plaintiffs subsequently moved to vacate the dismissal, and the trial court granted the motion.  The case then proceeded to trial, where the plaintiffs obtained a judgment of $50,000.  (*Id.* at p. 1190.)  The defendants appealed from the judgment, asserting, among other things, that the trial court erred in vacating the judgment of dismissal.  (*Id.* at pp. 1193–1194.)  The Court of Appeal affirmed, concluding that the trial court had properly vacated the dismissal because it was "void."  (*Ibid.*)

14

Plaintiffs cite *Reid* for the proposition that a dismissal entered without notice is void, and therefore it must be vacated under section 473(d). But as defendants correctly note, there is no indication that the court in *Reid* considered the difference between "void" and "voidable" orders, and we thus decline to read *Reid* to stand for the proposition that an order entered at a hearing of which a party did not have notice is void, rather than voidable. In any event, were *Reid* to have held that an order entered without notice is void, we would decline to follow it as contrary to the weight of authority. (See, e.g., *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 98 [judgment entered as the result of a terminating sanction issued on an ex parte basis was voidable, not void]; *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1022 ["When a court merely acts in excess of jurisdiction, the judgment is only *voidable*, meaning the error is generally not subject to collateral attack"]; *Lee v. An*, *supra*, 168 Cal.App.4th 558; see also *Machado v. Myers* (2019) 39 Cal.App.5th 779, 797–798 [appellants were not entitled to relief under section 473(d), from a judgment inconsistent with the terms of a settlement agreement: "The trial court had authority over the subject matter, the question presented, and the parties, yet acted in excess of its defined power by entering a judgment inconsistent with the terms of the settlement. Thus, there is no basis to conclude the judgment is void, rather than voidable"].)

Next, plaintiffs urge, citing *Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434 (*Ramos*) and *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954 (*Calvert*), that a default judgment entered without notice to a party is void. But neither *Ramos* nor *Calvert* stands for the broad proposition

15

plaintiffs assert. In both of the cited cases, the plaintiff failed to properly serve the defendant with a summons and complaint; the default judgments therefore were void because the courts never acquired personal jurisdiction over the plaintiffs. (*Ramos*, at pp. 1436–1437; *Calvert*, at pp. 960–962.) In the present case, in contrast, it is undisputed that defendants were properly served with the summons and complaint and had appeared in the action, and thus the court had fundamental jurisdiction over the parties.

Finally, plaintiffs urge that service on Baxendale-Walker, a foreign party, was invalid because it "violate[d] the spirit of the Hague Convention." Plaintiffs raise this issue for the first time in the appellants' reply brief, and thus we decline to address it on the merits. (See *Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 351 [declining to "spend any judicial resources" on issue raised for the first time in appellant's reply brief, which thus had been "doubly waived"].)

For all of these reasons, the order of dismissal entered by the trial court was, at most, *voidable*, not void. As such, the trial court properly refused to set aside the dismissal under section 473(d).

## II.
### The Trial Court Did Not Abuse its Discretion by Denying Relief Under Section 473(b)

In the alternative, plaintiffs urge the trial court abused its discretion by denying their request for discretionary relief under section 473(b). Under that section, the trial court "may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)

16

An application for discretionary relief under section 473(b) must "be made *within a reasonable time*, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b), italics added.) What constitutes a "reasonable time" to move for relief depends upon the particular circumstances of the case, but it is well-established that a delay is unreasonable as a matter of law "when it exceeds three months and there is no evidence to explain the delay." (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 34; see also *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1184 [reversing trial court's order granting relief from default judgment and finding abuse of discretion where inadequate explanation was provided for four-month delay]; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1421−1422 [no abuse of discretion in denying relief where appellant delayed more than three months in moving for relief without explanation]; *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 532 ["[t]o hold . . . that in the absence of any explanation a delay of more than three months in undertaking to open a default can be excused . . . would empower the trial court to dispense with the 'reasonable time' requirement of the statute"].) In general, "the longer the delay in bringing the motion, the more substantial the justification for the delay must be in order for relief to be appropriately granted" under section 473(b). (*Stafford v. Mach*, at p. 1185.)

" 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of [an] abuse' " of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*); accord, *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929 (*Austin*).) We defer to the trial court's factual findings made in

the exercise of its discretion in reviewing the court's ruling granting or denying discretionary relief under section 473(b). (*Zamora*, *supra*, at p. 258 [" ' "where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed" ' "]; *Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 940 ["we defer to the trial court's resolution of any factual conflicts in the declarations"].)

In the present case, Seyfarth submitted evidence that it served notice of dismissal of plaintiffs' claims on both plaintiffs on October 13, 2017, and notice of dismissal of Seyfarth's own claims (which also referred to the court's prior dismissal of plaintiffs' claims) on November 3, 2017. The trial court credited this evidence, finding that plaintiffs were provided notice of the dismissal "soon after" it was entered. Plaintiffs did not seek to vacate the dismissal for nearly six months—a delay for which they provided no justification. The court thus was well within its discretion in concluding that plaintiffs did not act diligently in seeking relief under section 473.

On appeal, plaintiffs suggest that their delay was reasonable because they did not learn of the dismissal until March 2018, shortly before they filed their section 473 motion. Neither plaintiff made such a representation in his declaration, however; to the contrary, although each plaintiff said he was "surprise[d]" when he was "recently" forwarded a copy of the court's dismissal order, neither said he had not received service of the notice of dismissal in October 2017, and neither indicated the date on which he first learned that his case had been dismissed. Further, although plaintiffs' attorney, Stacy Zill, stated that *she* discovered the dismissal less than 30 days before she filed the section 473 motion, she manifestly was not competent to testify

18

that *plaintiffs* had not known of the dismissal months earlier. There thus is no support in the record for plaintiffs' assertion on appeal that "[b]oth Plaintiffs swore under oath that they did not receive prior notices and that they did not know of the default until March 2018."

For all of these reasons, it was well within the trial court's discretion to conclude that plaintiffs had been aware of the dismissal of their claims no later than October 2017 and, by waiting almost six months before seeking relief, had failed to act within a reasonable time.

## DISPOSITION

The order denying plaintiffs' motion to vacate is affirmed. Respondents are awarded their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.