[No. B202186. Second Dist., Div. Four. Nov. 19, 2008.]

THOMAS MIN LEE et al., Plaintiffs and Respondents, v.
JI HAE AN, Defendant and Appellant.

560

**COUNSEL**

Sempre Law Firm and Devin A. Weisberg for Defendant and Appellant.

Ablon, Lewis Bass & Gale and Barry G. Florence for Plaintiffs and Respondents.

## OPINION

**EPSTEIN, P. J.**—Ji Hae An appeals from an order denying her motion to vacate a default judgment. She claims she was not given notice that the court would consider imposing terminating sanctions against her for failure to appear at a case management conference. Absent the requisite notice, she claims the court had no jurisdiction to strike her answer and enter her default. For this reason, she claims the judgment was void and subject to being set aside at any time pursuant to Code of Civil Procedure section 473, subdivision (d). We conclude that the judgment was voidable, not void, and thus appellant's motion to set aside was untimely. For this reason, we affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

In May 2003, attorney Thomas Min Lee and Lee Law Offices (respondents) brought this action against Ung Ki An and Ji Hae An. The complaint alleged that the Ans, illegally and without respondents' knowledge, practiced law without a license and falsely conducted a law practice under the name Lee Law Offices. Ung Ki An filed for bankruptcy protection, and he was later dismissed from the action. He is not a party to this appeal. Appellant Ji Hae An, appearing in propria persona, filed an answer to the complaint on June 27, 2003.

Meanwhile, on June 10, 2003, the court sent respondents a "Notice of Case Management Conference" scheduled for October 14. The form notice warned that failure to file a case management statement or to appear and participate in the case management conference could result in the imposition of sanctions, including dismissal of the case, striking of the answer, or the payment of money. The notice ordered respondents "to serve this notice of hearing" on all parties and attorneys of record.

On September 30, 2003, respondents sent notice to appellant of the October 14 case management conference. The notice was not a copy of the court's notice. The notice informed appellant of the date and time of the conference, but it did not contain the same detailed warnings about the potential for sanctions, including striking of an answer, in the event the party failed to file a case management statement or attend the case management conference.

Appellant did not appear at the case management conference. The court stayed the proceedings as to Ung Ki An based on a notice of bankruptcy, and

set a further case management conference as to appellant for December 18, 2003. Respondents were ordered to give notice, but did not do so.

On November 4, respondents moved ex parte for an order compelling appellant's deposition. The court refused to decide the matter ex parte, and hearing on the motion was set for December 22. The court also continued the case management conference to December 22, and ordered respondents to give notice. On November 25, respondents sent notice that the case management conference, "originally scheduled for December 18, 2003, has been **continued to December 22, 2003** at 8:30 a.m. before the Honorable Richard C. Hubbell in Department 62 of the above-referenced Court located at 111 N. Hill Street, Los Angeles, California 90012."

Appellant did not appear in court on December 22, 2003. The court denied respondents' motion to compel deposition for failure to comply with discovery. The court then struck appellant's answer and entered her default for failure to appear for the further case management conference. Respondents mailed a copy of the request for entry of default judgment to appellant on March 4, 2004. On May 5, 2004, default judgment was entered against appellant for $198,976.85.

More than three years later, on July 24, 2007, appellant, now represented by counsel, moved to set aside the default and default judgment. She asserted the court violated her right to due process in striking her answer and entering her default because she did not receive notice that her failure to appear at the status conference could result in terminating sanctions. For this reason, she claimed the default was invalid, and that the resulting default judgment was thus void. Appellant stated in her supporting declaration that she had received no notice of the December 22, 2003 hearing, and no notice that the court was considering imposing terminating sanctions against her. Appellant stated she had moved to Richmond, Virginia, and in April 2007, she discovered that a foreign judgment from this case had been recorded against her by respondents.

In opposition, respondents argued that appellant was not diligent in seeking to set aside the judgment. They presented evidence that appellant responded to their collection effort in a letter dated April 15, 2005, indicating her intent to dispute the validity of the debt and demanding supporting documentation regarding the debt. On April 20, 2005, respondents' counsel mailed appellant a copy of the default judgment entered on May 5, 2004. Thus, appellant had notice of the judgment no later than April 20, 2005, yet did not seek to set it

aside until July 2007. The court denied her motion for relief, and appellant filed this timely appeal.

## DISCUSSION

Relief under Code of Civil Procedure section 473, subdivision (b),[1] based on mistake, inadvertence, surprise or excusable neglect must be sought "within a reasonable time, in no case exceeding six months, . . ." after the judgment, dismissal or order was made. The trial court denied appellant's motion to set aside the judgment because it was not brought within the six-month time limitation of section 473, subdivision (b). The court also noted that the motion was not brought within the two-year period to set aside a default judgment based on lack of notice in time to defend an action under section 473.5.

Appellant did not seek relief under either of those provisions. Her motion to set aside was brought under subdivision (d) of section 473, which provides: "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order." She claimed the judgment was void because the court struck her answer and entered her default without notice, in violation of her due process rights.

Subdivision (d) of section 473 allows a court to set aside a void judgment without any mention of a time limit. (See *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 862 [121 Cal.Rptr.2d 695].) "A trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void . . . ." (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495–496 [52 Cal.Rptr.3d 862].) As we explain, the judgment in this case was not void, but voidable, and thus not subject to being set aside beyond the six-month time limit of section 473.

The distinction between void and voidable orders is frequently framed in terms of the court's jurisdiction. "Essentially, jurisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' ([*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942].]) When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119 [101 Cal.Rptr. 745, 496 P.2d

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

817] . . . .)" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 [16 Cal.Rptr.3d 76, 93 P.3d 1020].) For example, if a defendant is not validly served with a summons and complaint, the court lacks personal jurisdiction and a default judgment in such action is subject to being set aside as void. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441 [29 Cal.Rptr.2d 746].)

But when a statute authorizes a prescribed procedure and the court acts contrary to the authority conferred, the court exceeds its jurisdiction. (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th at p. 661.) "Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal . . . ," and generally are not subject to collateral attack once the judgment is final in the absence of unusual circumstances which prevented an earlier, more appropriate attack. (*Ibid.*)[2]

In this case, the trial court's authority to impose sanctions on a party for failure to comply with its local rules derived from section 575.2, subdivision (a), which provides: "Local rules promulgated pursuant to Section 575.1 may provide that if any counsel, a party represented by counsel, or a party if in pro se, fails to comply with any of the requirements thereof, the court on motion of a party or on its own motion may strike out all or any part of any pleading of that party, or, dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature as otherwise provided by law . . . . *No penalty may be imposed under this section without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed.*" (Italics added.)

■   Pursuant to this statutory authority, the Superior Court of Los Angeles County enacted local rule 7.13,[3] authorizing the imposition of "appropriate sanctions for the failure or refusal (1) to comply with the Rules, (2) to comply with any order made hereunder or (3) to meet the time standards and/or deadlines established herein." ■   Read together, these statutes and rules authorize the trial court to impose appropriate sanctions for failure to comply with local rules, but only after giving a party notice and an opportunity to be heard.

The "Notice of Case Management Conference" sent to respondents by the court expressly warned of the potential for sanctions: "Notice is hereby given

---

[2] Appellant makes no claim that unusual circumstances prevented her from seeking relief from the order striking her answer or the default judgment in a timely manner.

[3] All references to local rules are to the Los Angeles County Superior Court Local Rules.

that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions (including dismissal of the case, striking of the answer and payment of money), pursuant to LASC Local Rules Chapter 7, CCP Sections 177.5, 575.3, 583.150, 586.360, 583.410, GC Section 68608 (b), and CRC 200, et seq." That notice also directed the respondents "to serve this notice of hearing to all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference."

Had respondents done so, the due process requirement that appellant be given notice of potential sanctions and an opportunity to be heard prior to their imposition would have been satisfied. But respondents instead sent their own notice of the case management conference, which informed appellant of the date and time of the conference, and also stated: "PLEASE TAKE FURTHER NOTICE that all parties are required to serve and file a Case Management Statement at least fifteen (15) days before said Conference. [¶] PLEASE TAKE FURTHER NOTICE that all parties are required to comply with Local Rule 7.9 in all matters pertaining to the Conference."[4] When the case management conference was continued to December 22, respondents sent notice that the case management conference originally scheduled for December 18, 2003, had been continued to December 22, 2003, at 8:30 a.m.

Neither notice provided appellant with notice that adverse action, including striking her answer and entering her default, could result if she failed to appear for the case management conference. Under section 575.2, subdivision (a), the court exceeded its authority by imposing sanctions for noncompliance with the local rules, "without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed."

■ "A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable." (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56 [14 Cal.Rptr.3d 50, 90 P.3d 1209].) In this case, the court had fundamental jurisdiction over the parties and the subject matter, but acted in excess of its jurisdiction by imposing terminating sanctions without adequate prior notice. The resulting default and default judgment were thus voidable, not void. "The difference between a void judgment and a voidable one is that a party seeking to set aside a voidable judgment or order must act to set aside the order or

---

[4] Local rule 7.9 sets out the procedures for case management conferences, but makes no reference to sanctions.

judgment before the matter becomes final." (*Christie v. City of El Centro* (2006) 135 Cal.App.4th 767, 780 [37 Cal.Rptr.3d 718].) Appellant failed to do so.

Appellant relies on *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 210 [26 Cal.Rptr.3d 823], in which the court held that orders imposing terminating sanctions for discovery violations without adequate prior notice were void. But no issue was raised in *Sole* about the timeliness of the motions for relief from the invalid orders. In using the term "void," the court in *Sole* did not have to distinguish void or voidable orders for the purpose of deciding whether relief could be sought after the six-month period in section 473, subdivision (b). We do.

■ Where, as here, the court has jurisdiction over the party and the questions presented, but acts in excess of its defined power, the judgment is voidable, not void. (*In re Marriage of Goddard, supra*, 33 Cal.4th 49, 56.) Appellant was not entitled to relief under section 473, subdivision (d), the sole ground asserted in the trial court.

■ We note that a trial court retains discretion to vacate a default on equitable grounds, even if statutory relief is unavailable. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [35 Cal.Rptr.2d 669, 884 P.2d 126].) "One ground for equitable relief is extrinsic mistake—a term broadly applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Ibid.*) But for a party to qualify for such equitable relief on this basis, courts have developed a three-part test: first, the defaulted party must demonstrate it has a meritorious case; second, it must articulate a satisfactory excuse for not presenting a defense to the original action; and third, the moving party must demonstrate diligence in seeking to set aside the default once it was discovered. (*Cruz v. Fagor America, Inc., supra*, 146 Cal.App.4th at p. 503.)

Even if appellant could satisfy the first two elements, she cannot meet the third. Evidence before the court showed that appellant knew of the default judgment less than a year after its entry, when respondents began collection efforts in April 2005. At that time, appellant indicated her intent to dispute the debt, and demanded supporting documentation. Respondents' counsel mailed her a copy of the default judgment on April 20, 2005. Appellant did not move to vacate the judgment until July 2007, more than two years later. This does not reflect the diligence necessary for equitable relief.

## DISPOSITION

The order is affirmed.

Manella, J., and Suzukawa, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 11, 2009, S169429. Werdegar, J., did not participate therein.