Filed 7/30/21  Vedros v. Consumer Services of Walnut Creek CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JUDY L. VEDROS et al.,<br><br>    Plaintiffs and Respondents,<br><br>        v.<br><br>CONSUMER SERVICES OF WALNUT CREEK, INC., et al.,<br><br>    Defendants and Appellants. | F079061<br><br>(Super. Ct. No. 661303)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Roger M. Beauchesne, Judge.

William E. Gilg for Defendants and Appellants.

Gianelli Nielsen and Sarah J. Birmingham for Plaintiffs and Respondents.

-ooOoo-

A default judgment was entered against defendants and appellants Consumer Services of Walnut Creek, Inc. (Consumer Services) and Michan Evonc (Evonc) (collectively, defendants) in a breach of contract and fraud action, after the trial court granted terminating sanctions for defendants' discovery abuses.  Defendants previously appealed from the default judgment and, in 2018, we issued an unpublished decision in

which we affirmed the default judgment. After the remittitur issued, defendants moved to set aside the default judgment as void under Code of Civil Procedure section 473, subdivision (d).[1] The trial court denied their motion. Evonc appeals from the order denying the motion.[2] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Pleadings*

This case began in January 2011, when Judy L. Vedros filed suit, in propria persona, against defendants for breach of contract and fraud. The complaint alleged defendants orally agreed to file for bankruptcy and obtain a home loan modification for Judy, but they did not perform those duties. Robert A. Vedros subsequently was added as a plaintiff and the Vedroses retained an attorney to represent them, who, with the trial court's permission, filed first, second, third, and fourth amended complaints on their behalf.

The Vedroses' operative verified fourth amended complaint, filed in May 2014,[3] alleged eight causes of action against defendants: breach of contract; breach of contract for failure to perform, breach of the implied covenant of good faith and fair dealing; unjust enrichment; violation of the Mortgage Foreclosure Consultants Act (MFCA), Civil Code section 2945 et seq.; fraud/misrepresentation; negligent hiring, retention and

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] While the notice of appeal identified both defendants as appealing from the trial court's order, defendants' counsel states in the opening and reply briefs that Consumer Services is now a suspended corporation. Counsel concedes Consumer Services therefore is disabled from participating in this appeal and asserts Evonc is the sole appellant. (See *Palm Valley Homeowners Assn., Inc. v. Design MTC* (2000) 85 Cal.App.4th 553, 560.) Accordingly, we will consider the appellants' arguments as being raised solely by Evonc.

[3] The Vedroses filed the fourth amended complaint after the trial court partially sustained defendants' demurrer to the Vedroses' third amended complaint with leave to amend.

supervision; and vicarious liability. The complaint alleged the Vedroses entered into an oral agreement with defendants in March 2009, by which defendants "agreed to initiate and finalize a bankruptcy for [the Vedroses] as well as perform a loan modification to prevent the foreclosure of [their] residence[,]" in exchange for the payment of $5,525. The complaint further alleged: defendants told the Vedroses the bankruptcy would be finalized in 30 days or less, at which time defendants would commence the loan modification; defendants instructed them to stop paying the mortgage in order to facilitate the loan modification; while the Vedroses paid defendants, defendants "performed no service or essentially a worthless service"; and in reliance on defendants' promises, the Vedroses took no other action and eventually were forced to hire a "legitimate licensed professional" to try to prevent the loss of their home.

The complaint sought the following compensatory damages: (1) $393,489 for the loss of the Vedroses' home; (2) $5,525 the Vedroses paid pursuant to the contract; (3) $4,000 the Vedroses paid to a third party to perform the work defendants failed to perform; (4) $25,320 in lost earnings; and (5) $14,700 in additional expenses. In addition, the complaint prayed for punitive damages and attorney fees on the claims for violation of the MFCA, fraud and misrepresentation, and vicarious liability, and punitive damages on the negligent hiring, supervision, or retention claim.

Defendants failed to respond to the fourth amended complaint and a default judgment was entered in July 2014, which was thereafter set aside under the mandatory provisions of section 473, subdivision (b). Defendants filed an answer to the fourth amended complaint in November 2014, in which they denied most of the allegations and raised 38 affirmative defenses.

### The Motion to Compel

Thereafter, the Vedroses made significant efforts to take Consumer Services's deposition, which designated Evonc, its chief executive officer, as its person most knowledgeable, and to have it produce documents at the deposition. Evonc, however,

3.

repeatedly failed to appear for the deposition. In May 2015, the trial court granted in part the Vedroses' motion to compel Consumer Services to attend the deposition and produce the documents.

***The Motions for Protective Order and Terminating Sanctions***

The day before the deposition, however, defendants filed a motion for protective orders, seeking to postpone the deposition because Evonc purportedly had a severe medical condition that prevented him from attending. In opposing the motion, the Vedroses argued Consumer Services could not defend the lawsuit because the California Secretary of State had suspended its corporate status, and Consumer Services had not established good cause for the protective orders.

Before the hearing on the motion, the Vedroses filed a motion for terminating sanctions for defendants' failure to obey the trial court's order compelling Evonc's testimony and the production of documents. The Vedroses asked that defendants' answer be stricken, and a default entered, or the trial court impose issue or evidence sanctions. The Vedroses argued defendants willfully violated the trial court's order when they failed to appear at the deposition and produce documents, and the motion for protective orders was an abuse of the discovery process.

At the July 30, 2015 hearing on the parties' motions, the trial court denied the motion for protective orders and granted the motion for terminating sanctions, stating this was "one of the worst examples of abuse of the discovery process that I have ever seen in—going on my 25 years on the bench." The trial court subsequently struck defendants' answer to the fourth amended complaint and granted the Vedroses' request for entry of default, which was entered on August 14, 2015.

***The Prove-Up Hearing and Motions for Reconsideration***

The Vedroses filed documents in support of their request for a default judgment and a prove-up hearing was set for September 10, 2015. The Vedroses submitted evidence in support of their claim for compensatory damages, costs, and attorney fees. In

4.

addition, the Vedroses served a statement of punitive damages on defendants in May 2014, which stated they reserved the right to seek $1,329,102 in punitive damages.

Before the prove-up hearing, defendants filed two separate motions for reconsideration of the orders denying their motion for protective orders and granting the Vedroses' motion for terminating sanctions. Despite the filing of these motions, the trial court conducted the prove-up hearing on September 10, 2015, but delayed issuing a decision until defendants' motions could be heard and decided.

Before a final decision was made on defendants' motions for reconsideration, defendants filed a notice in which they claimed the Vedroses committed intrinsic fraud in the default prove-up hearing. Defendants asserted the Vedroses failed to disclose they obtained a loan modification soon after their contract with Consumer Services ended, which suspended foreclosure proceedings. Defendants claimed this showed the Vedroses had not suffered any damages as a result of Consumer Services's omissions, as it was only after the Vedroses failed to make the modified payments that foreclosure proceedings resumed. Defendants also asserted the Vedroses lied when they averred they were forced to short sell their home. Defendants asked the court to consider the intrinsic fraud when making any default money judgment against them and to adjust any punitive damages awarded accordingly.

At a December 10, 2015 hearing on the motions for reconsideration, the trial court denied the motions. The trial court noted the information concerning intrinsic fraud was filed late and did not, in its view, rise to the level of requiring, or even suggesting, it should set aside the default and grant the reconsideration motions. On December 23, 2015, the trial court filed its written order denying the motions and entered a default judgment against defendants, which awarded $443,034 in damages, $239,656.56 in prejudgment interest, $33,975 in attorney fees, $2,495.35 in costs, and $1,329,102 in punitive damages.

5.

### The First Appeal

Defendants filed a notice of appeal from the default judgment in the superior court on February 18, 2016, which was filed in this court on March 2, 2016. In the appeal, they argued the trial court abused its discretion when it granted the motion for terminating sanctions and denied their motions for protective orders. They also contended the compensatory and punitive damages awarded were not supported by substantial evidence. Specifically, they argued the damages awarded were excessive, not supported by the evidence, and so disproportionate to the evidence that it shocks the conscience.

In an opinion filed on May 10, 2018, we rejected defendants' claims. (*Vedros v. Consumer Services of Walnut Creek, Inc.* (May 10, 2018, F073300) [nonpub. opn.].) We concluded defendants failed to demonstrate the trial court abused its discretion in its rulings on the motions and rejected defendants' contention substantial evidence did not support the damages awarded because their claim was impossible to review since they did not include a reporter's transcript or minute order of the September 10, 2015 prove-up hearing. Defendants filed a petition for review with the California Supreme Court, which was denied. We issued the remittitur on August 16, 2018.

### The Motion to Set Aside the Default Judgment

On November 16, 2018, defendants filed a motion pursuant to section 473, subdivision (d) to set aside or modify the default judgment as void. Defendants contended the default judgment was void because it included damages the Vedroses did not incur until after the original complaint was filed, namely, the damages for loss of their home, lost income, and moving expenses (collectively, loss of home damages), which were based on a different primary right than that alleged in the original complaint. While the loss of home damages were pled in the fourth amended complaint, defendants argued the Vedroses were required to file a supplemental complaint in order to recover them and the failure to do so meant the trial court acted in excess of its jurisdiction when it awarded them. Defendants also argued the loss of home damages were not recoverable

6.

as consequential damages because their alleged breach of the oral contract was not the proximate cause of the Vedroses' loss of their home. Defendants asserted these errors were prejudicial and constituted a miscarriage of justice, as they were being held liable for the loss of home damages, which were not properly pled and were not caused by them, and the default judgment should be modified to exclude these damages.

The Vedroses opposed the motion, arguing only that the law of the case prevented review of the default judgment's validity. The Vedroses asserted the law of the case doctrine applied because defendants argued the damages awarded were excessive in the prior appeal, and after reviewing the issue, we determined defendants failed to meet their burden of proof.

At the December 20, 2018 hearing on the motion, the trial court took the matter under submission after hearing the parties' arguments. In its written ruling, issued on March 4, 2019, the trial court found defendants were not entitled to relief under section 437, subdivision (d) because they had not shown the trial court lacked fundamental jurisdiction since all the claimed defects were waivable. Accordingly, the trial court did not consider whether the Vedroses should have filed a supplemental pleading. The trial court determined defendants' argument that they did not cause the Vedroses' loss of home damages was an impermissible attack on the sufficiency of the evidence to support the fourth amended complaint's allegations. Finally, the trial court declined to exercise its inherent authority to vacate the judgment based on the Verdroses' alleged fraud regarding the loan modification and rejected the Vedroses' argument the law of the case doctrine supported denial of the motion.

## DISCUSSION

"The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).) Section 473, subdivision (d) allows a court to set aside a void judgment at any time. (*Lee v. An* (2008) 168 Cal.App.4th 558, 563 (*Lee*).) While section 473, subdivision (d) gives the court the

7.

power to set aside a void default judgment, the court also "has inherent equitable power to set aside a default judgment at any time for extrinsic fraud or mistake." (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 749.)  While the trial court here addressed both grounds for relief, on appeal Evonc challenges only the trial court's findings concerning relief under section 473, subdivision (d).

A judgment is void if the court " 'lack[s] fundamental authority over the subject matter, question presented, or party.' " (*Lee*, *supra*, 168 Cal.App.4th at p. 565, quoting *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56; accord, *People v. The North River Ins. Co*. (2020) 48 Cal.App.5th 226, 233 [a judgment is void only when the court entering that judgment lacked jurisdiction in a fundamental sense due to the entire absence of power to hear or determine the case resulting from the absence of authority over the subject matter or the parties].)  Specifically with respect to default judgments, they are "void if the trial court lacked jurisdiction over the parties or the subject matter of the complaint or if the complaint failed to 'apprise[] the defendant of the nature of the plaintiff's demand,' or if the court granted relief which it had no power to grant including a default judgment which exceeds the amount demanded in the complaint." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830, fns. omitted.)

When the trial court "has jurisdiction over the party and the questions presented, but acts in excess of its defined power, the judgment is [merely] voidable, not void. (*In re Marriage of Goddard*, *supra*, 33 Cal.4th [at p.] 56.)" (*Lee*, *supra*, 168 Cal.App.4th at p. 566.)  " 'The difference between a void judgment and a voidable one is that a party seeking to set aside a voidable judgment or order must act to set aside the order or judgment before the matter becomes final.' " (*Id.* at pp. 565–566.)  When a judgment is merely voidable, a party is not entitled to relief under section 473, subdivision (d).  (*Lee*, at p. 566.)  "We review de novo the trial court's determination that a default judgment is or is not void." (*Rodriguez v. Cho*, *supra*, 236 Cal.App.4th at p. 752.)

8.

Here, the default judgment is not void for lack of subject matter or personal jurisdiction. Evonc does not contend otherwise. He also does not contend the fourth amended complaint failed to apprise him of the nature of the Vedroses' demand or that the default judgment awarded relief in excess of what was requested in the fourth amended complaint. Instead, Evonc contends the default judgment is void because the trial court did not have authority to award the loss of home damages since the Vedroses incurred those damages after the original complaint was filed. Specifically, he argues to recover the loss of home damages, the Vedroses were required to either file a supplemental complaint pursuant to section 464 alleging such damages or file a separate action, and since they did not do so, the trial court acted in excess of its jurisdiction when it awarded the loss of home damages.

Evonc essentially is contending that the trial court acted beyond the power given it by section 464, which governs supplemental pleadings. That section provides, as applicable here, that a plaintiff "may be allowed, on motion, to make a supplemental complaint . . . alleging facts material to the case occurring after the former complaint," and "[u]pon the filing of a supplemental complaint, the court clerk shall issue an amended or supplemental summons pursuant to Section 412.10. . . ." (§ 464, subds. (a), (c).)

As Evonc asserts, even if there is jurisdiction over the parties and subject matter, "fundamental jurisdiction may be absent when a trial court purports to grant relief that it has no authority to grant." (*Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 538.) The quintessential example of a court acting without fundamental jurisdiction for granting unauthorized relief is a default judgment that exceeds the specific amount of damages alleged in the complaint. In that situation, the trial court exceeds its jurisdiction under section 580, and the judgment is void to the extent it awards excess damages. (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494–495; *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 864–865.)

9.

But a trial court does not grant relief it has no authority to grant where, as here, it gave the Vedroses leave to amend after sustaining defendants' demurrer and accepted the fourth amended complaint for filing even though it contained facts that occurred after the original complaint was filed. The trial court obviously had the authority to grant leave to amend and accept the fourth amended complaint for filing. Since the trial court had jurisdiction over the subject matter and the parties, it had jurisdiction to preside over the fourth amended complaint and it was incumbent on defendants to object to the procedure by which the loss of home damages was brought before the trial court. (*Groom v. Bangs* (1908) 153 Cal. 456, 459 [although trial court erred in permitting plaintiff to assert wrongful death claim that arose after original complaint filed, absent a timely objection, defendant failed to preserve the irregularity as contention of error]; see *Barnes v. McKendry* (1968) 260 Cal.App.2d 671, 672, 675-676 [husband in divorce action failed to preserve contentions of error based on the wife's assertion of new claims alleged in amended complaints that were filed without leave of court].)

While Evonc asserts section 464 "declares that these loss of home damages could not be awarded without the filing of a supplemental complaint and the issuance of a supplemental summons," section 464 says no such thing. It merely sets forth the procedure for bringing a motion for leave to file a supplemental complaint and for serving the summons. As our Supreme Court has explained, "most procedural errors are not jurisdictional. [Citations.] Once a court has established its power to hear a case, it may make errors with respect to areas of procedure, pleading, evidence, and substantive law." (*In re Marriage of Goddard*, *supra*, 33 Cal.4th at p. 56.) A procedural error is jurisdictional, " ' "only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of extraordinary writs of certiorari or prohibition." ' " (*Id.* at p. 57.) Here, section 464's purpose is not to limit the trial court's power to act, but rather to provide a

10.

mechanism by which a plaintiff may bring matters that occur after the filing of the complaint before the trial court and to provide notice of those matters to the defendant.

Thus, the default judgment is voidable, not void, as the trial court acted, at best, in excess of its defined powers. As such, Evonc was not entitled to relief under section 473, subdivision (d). (*Lee*, *supra*, 168 Cal.App.4th at p. 566.)

Moreover, when "the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." (*In re Griffin* (1967) 67 Cal.2d 343, 347; accord, *Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1092.) Even if the Vedroses were required to bring a motion for leave to file a supplemental complaint, defendants answered the fourth amended complaint and participated in the proceedings without objecting to the Vedroses seeking to recover loss of home damages. Although defendants argued in the prior appeal the damages awarded were excessive, they did not argue the loss of home damages were not recoverable because they were asserted in an amended, rather than supplemental, complaint, or were not otherwise recoverable in this action.[4] Defendants only challenged the filing of the fourth amended complaint after the prior appeal was resolved, when they asked the trial

---

[4] This is not a matter in which law of the case principles are useful, as our prior opinion did not address whether the default judgment was void because the loss of home damages were not recoverable in this action. (See *Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 147.) "The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (9 Witkin, Cal. Procedure (5th ed. 2020) Appeal, § 459.)

We note, however, that to the extent the default judgment is erroneous because it includes remedies not authorized by statute, defendants should have raised the issue in their direct appeal from the default judgment. Having failed to do so, they are not permitted to now collaterally attack the default judgment. (See *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143 [defendant precluded from pursuing "successive appeals based on issues ripe for consideration in the prior appeal and not brought in that proceeding"].)

11.

court to vacate the default judgment as void. Accordingly, Evonc "may not challenge the [default] judgment on the basis of procedural irregularities constituting errors in excess of jurisdiction." (*LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 875.) By parity of reasoning, Evonc is also estopped to complain the loss of home damages were not recoverable in this action because they constitute a new cause of action than that alleged in the original complaint that must be pled as a separate action.[5]

Evonc asserts the trial court could not have awarded the loss of home damages as consequential damages resulting from defendants' alleged breach of contract because that breach did not cause the loss of the Vedroses' home. But once a default is entered, the well-pleaded allegations of the complaint are deemed admitted. (*Molen v. Friedman* (1998) 64 Cal.App.4th 1149, 1153; *Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 749.) As the trial court found, the defect Evonc alleges does not rely on the fourth amended complaint's allegations, but whether those allegations are supported by admissible evidence. " 'A defendant against whom a default has been entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's rights of action.' " (*Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385–386.) Evonc cannot now attempt to disprove the fourth amended complaint's allegations.

---

[5]     Since the default judgment is only voidable, arguably the motion to set aside is untimely because it was filed more than six months after the default judgment was entered. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021 [if the invalidity of a judgment can only be shown through consideration of extrinsic evidence, the judgment must be challenged within the six-month time limit of § 473, subd. (b), or by an independent action in equity]; § 473, subd. (b) [application for relief "shall be made within a reasonable time, in no case exceeding six months, after the judgment . . . was taken"].) Evonc contends the motion was timely because the six-month period was tolled during the pendency of the first appeal. We need not reach this novel contention, as we affirm the order based on estoppel.

Finally, with respect to Evonc's claim the defective pleadings constitute a miscarriage of justice under California Constitution, article VI, section 13 and Code of Civil Procedure section 475, since the default judgment is not void and Evonc cannot complain about any irregularities in the procedure used, it is irrelevant whether there was a miscarriage of justice.

In sum, Evonc's claim that the trial court erred in awarding the loss of home damages in the default judgment because they were not part of a supplemental complaint or they constituted a different primary right than that alleged in the original complaint is not a fundamental jurisdictional error. Instead, his untimely assertion is that the trial court erroneously exercised its power. Such a claim does not render the judgment void. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661.) Because the loss of home damages in the default judgment are not void, the trial court did not err when it denied Evonc's motion to set aside the default judgment.

## DISPOSITION

The trial court's April 11, 2019 order denying defendants' motion to set aside the default judgment is affirmed. Costs on appeal are awarded to the Vedroses.


DESANTOS, J.

WE CONCUR:


HILL, P.J.


FRANSON, J.


13.