Filed 9/18/24  Coastline RE Holdings Corp. v. Brillouet CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| COASTLINE RE HOLDINGS CORP., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PIERRICK BRILLOUET et al., <br><br> Defendant and Appellant. | 2d Crim. No. B330806 <br> (Super. Ct. No. 56-2014-00461981-CU-UD-VTA) <br> (Ventura County) |

Pierrick Brillouet appeals an order after judgment denying his motion to vacate two sets of attorneys' fee awards against him.[1]  He contends the attorneys' fee orders are void for lack of jurisdiction.  We affirm.

---

[1] The appeal of the order by Brillouet's wife, Yong C. Kim Brillouet, was dismissed after she defaulted.

FACTUAL AND PROCEDURAL HISTORY[2]

Pierrick and Yong C. Kim Brillouet (the Brillouets) bought a home from Alexander Low in 2009. They assumed Low's obligations as Trustors under a construction loan secured by a deed of trust.

The deed of trust listed the lender's rights and remedies for default, including foreclosure by sale. It further provided: "**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above . . ., Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender."

The deed of trust also included an attorney fee provision, which stated in part: "If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal." The original lenders transferred their interest in the loan to Coastline RE Holdings Corp. (Coastline).

The Brillouets made no payments on the loan after October 2011. Following a notice of default, Coastline purchased the property in a nonjudicial foreclosure sale and served the Brillouets with a three-day notice to quit. When the Brillouets did not vacate the property, Coastline filed an action for unlawful detainer.

Following a court trial, the court awarded possession to

---

[2] The facts are taken in part from our previous opinion in *Coastline RE Holdings Corp. v. Brillouet* (Aug. 24, 2017, B282382) [nonpub. opn.] 2017 WL 3634239.

Coastline and awarded it $44,760.83 in damages for lost rent and $210,000 in contractual attorneys' fees. The Brillouets appealed, contending the attorneys' fee provision in the deed of trust did not apply. We affirmed the judgment and attorneys' fee order. (*Coastline RE Holdings Corp. v. Brillouet*, *supra*, 2017 WL 3634239.) We concluded: "The Brillouets assumed Low's obligations under the deed of trust, and violated its terms when they remained in possession after foreclosure. Coastline is the lender's successor in interest and brought this action to enforce its rights under the deed of trust." (*Id*. at p. *2.)

In January 2018, the trial court awarded Coastline $116,781.50 in attorneys' fees on appeal. The Brillouets did not appeal that order.

Five years later, the Brillouets filed a motion in the trial court to vacate the original fee order and the order for attorneys' fees on appeal, contending they are void. (Code Civ. Proc., § 473, subd. (d).) The trial court denied the motion.

DISCUSSION

*Law of the case*

Our previous opinion affirming the original attorneys' fee order is binding pursuant to the "law of the case" doctrine. " 'The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case.' " (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491.) However, the "law of the case" doctrine should not apply if it "would result in an unjust decision, e.g., where there has been a manifest misapplication of existing principles resulting in substantial injustice, or where the controlling rules of law have been altered or clarified by a

3

decision intervening between the first and second appellate determinations." (*Id*. at pp. 491-492.)

We conclude the "law of the case" applies here. Brillouet does not claim any intervening change in the law. Nor would a substantial injustice result given the costs incurred by Coastline to evict the Brillouets from the property and obtain damages for lost rent.

The "law of the case" doctrine also applies to attorneys' fees on appeal. The deed of trust authorized "attorneys' fees at trial and upon any appeal." This legal basis for appellate fees is the same basis upon which we affirmed the trial court fees in the first appeal. (Code Civ. Proc., §§ 1032, subd. (b), 1033.5, subd. (a)(10)(A).) " 'A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise.' " (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 265; *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637.)

*Voidness*

Brillouet contends he is entitled to vacate the orders regarding fees on the theory that they are void. (Code Civ. Proc., § 473, subd. (d).) He also characterizes the unlawful detainer action where Coastline prevailed as a tort remedy that makes the orders void. We disagree.

Generally, a party has six months to move to vacate an order or judgment. (Code Civ. Proc., § 473, subd. (b); *Lee v. An* (2008) 168 Cal.App.4th 558, 563.) But if the order or judgment is " 'void on its face,' " the motion may be made " ' "at any time" ' " pursuant to Code of Civil Procedure section 473, subdivision (d). (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 369-370; *Lee*, at

4

p. 563.)  " 'A trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void.' " (*Lee*, at p. 563.)  A judgment or order is void if the court "lack[s] fundamental authority over the subject matter, question presented, or party." (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.)  Accordingly, a judgment is void where the court " ' "grant[s] relief the law declares shall not be granted." ' " (*Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1053.)

We review de novo whether a judgment or order is void. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.)  We also review de novo the legal basis for an attorney fee award.  (*Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 484.)  We conclude the attorneys' fee orders are not void.

Here, the parties agreed to a fee provision for violations of the deed of trust, including failure to vacate after a sale. Attorneys' fees are allowable as costs when authorized by contract, statute, or law.  (Code Civ. Proc., §§ 1032, subd. (b), 1033.5, subd. (a)(10).)  Attorneys' fees by agreement of the parties are also authorized by Code of Civil Procedure section 1021. (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341.)  Agreements subject to unlawful detainer actions may also include attorneys' fee provisions.  (*Larson v. City and County of San Francisco* (2011) 192 Cal.App.4th 1263, 1298.)  Because the attorney fee provisions of Code of Civil Procedure sections 1033.5 and 1021 apply to unlawful detainer (Code Civ. Proc., § 1177), we conclude that prevailing party attorneys' fees to Coastline were authorized by contract in the deed of trust.

We also reject Brillouet's claim he was not on notice that Coastline would seek prevailing party attorneys' fees to enforce

the terms of the deed of trust.  To recover attorneys' fees in non-default judgments, it is not necessary that the complaint allege the contractual attorney fee provision.  (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 194, disapproved on other grounds by *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1158.)  As the Legislature clarified by enacting Code of Civil Procedure section 1033.5, attorney's fees are properly sought through a motion for costs rather than pleaded as an element of damages.  (*Chinn*, at p. 194.)  "We agree that the complaint need not include a prayer for attorney fees, and that due process is satisfied by notice to the opposing party of the motion for attorney fees." (*Ibid*.)  The attorney fee agreement here authorized the fee awards and Coastline sought fees through noticed motions.

*Effect of sale*

Brillouet contends the attorneys' fee provision does not apply because the deed of trust was "extinguished" when the property was sold.  We again disagree.

The parties' agreement provided for attorney's fees necessary to enforce "any of the terms of this Deed of Trust." Those terms included a duty to vacate the property on demand following a trustee's sale.  The attorney fee provision thus applied to fees expended when the Brillouets failed to vacate after the sale.  (*City and County of San Francisco v. Union Pacific R.R. Co.* (1996) 50 Cal.App.4th 987, 1000 [attorney fee provision in lease operative after lease expired]; *North Associates v. Bell* (1986) 184 Cal.App.3d 860, 865-866 [same; tenant failed to vacate after lease containing fee provision expired].)

6

### DISPOSITION

The order denying the motion to vacate attorneys' fees is affirmed.  Coastline shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Law Offices of Ronald H. Freshman and Ronald H. Freshman for Defendant and Appellant.

Frandzel Robins Bloom & Csato and Hal D. Goldflam for Plaintiff and Respondent.