Filed 9/18/24  Shahbazi v. Kabir's Investment Corp. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| BEHNAZ SHEILA SHAHBAZI, Plaintiff and Respondent, v. KABIR'S INVESTMENT CORP., Defendant and Appellant. | G062379 (Super. Ct. No. 30-2010-00357181) O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Layne H. Melzer, Judge. Affirmed.

Gabe Brooks for Defendant and Appellant.

Law Office of Foroozandeh and Majid Foroozandeh for Plaintiff and Respondent.

In this long-running litigation, which has included multiple appeals, defendant Kabir's Investment Corp. (KIC) filed a motion to determine the prevailing party and for attorney fees (attorney fee motion) after the trial court dismissed the action for failure to prosecute. In an October 7, 2021 order (October 2021 order), the trial court denied KIC's attorney fee motion because KIC was in default. KIC appealed that order, but its appeal was dismissed for failure to timely file an opening brief. More than a year after the October 2021 order, KIC moved in the trial court to vacate that order under Code of Civil Procedure sections 663 and 473, subdivision (d),[1] asserting it was void. The trial court, however, denied the motion to vacate.

KIC now appeals from the order denying its motion to vacate. We conclude the trial court did not err because the motion to vacate was untimely under section 663a and the October 2021 order was not void. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In March 2010, Shahbazi filed a complaint against KIC, Zaman Kabir, and Clarion Mortgage Capital, alleging general negligence, fraud, and breach of fiduciary duty. In November 2012, a default judgment was entered against KIC and the trial court awarded Shahbazi $172,227.71, including $20,000 in punitive damages.

KIC appealed the default judgment. While that appeal was pending, the trial court heard KIC's motion to set aside the default and vacate the judgment, which it granted in part and denied in part. The trial

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

court vacated the judgment because the damages exceeded those pled in the complaint, reasoning the judgment was therefore void. However, the trial court denied the request to set aside the default, and it modified the judgment against KIC to be for the sum of $50,000 and prejudgment interest. The trial court ordered Shahbazi to submit an amended judgment.

The appeal from the default judgment was consolidated with an appeal from a separate case between Shahbazi and Kabir. (*Shahbazi v. Kabir* (Dec. 10, 2013, G047361 & G047773) [nonpub. opn.].) Regarding the default judgment against KIC, this court stated the trial court had jurisdiction to vacate a void order, notwithstanding that it had done so after the filing of a notice of appeal. (*Ibid.*) But the trial court did not have jurisdiction to modify the default judgment while the appeal was pending, and thus, to the extent the trial court had entered a different default judgment against KIC while the appeal was pending, that judgment was stricken. (*Ibid.*) This court further noted that when its jurisdiction ended on appeal, the trial court could enter a new judgment. (*Ibid.*) Additionally, this court held the trial court properly denied KIC's motion to set aside the default. (*Ibid.*) In sum, this court concluded "[t]he appeal from the default judgment entered against [KIC] is dismissed, and the matter is remanded to the trial court to enter a new judgment once the court has regained jurisdiction. If a modified default judgment was entered against [KIC] while this appeal was pending, that judgment is stricken." (*Ibid.*)

After the first appeal concluded, it does not appear a new judgment against KIC was subsequently entered based on the current record on appeal. In February 2020, KIC moved to dismiss the action for failure to prosecute pursuant to sections 583.310 and 583.360, subdivision (a), which the trial court granted in August 2020. The trial court explained, although

3

KIC's default still stands, more than six years had passed since the remittitur from the prior appeal and there had not been a new judgment entered against KIC.

In August 2020, KIC filed a memorandum of costs. In September 2020, Shahbazi moved to strike KIC's memorandum of costs and to vacate the order of dismissal. In February 2021, the trial court granted Shahbazi's requests to set aside the order to dismiss the action and to strike KIC's memorandum of costs. It found KIC had no standing to file its motion without first obtaining relief from default. KIC was not before the court and had no power to request costs and fees as it was in default. However, the trial court set an order to show cause for whether the case should be dismissed for lack of prosecution.

In March 2021, the trial court again dismissed the matter for failure to prosecute pursuant to sections 583.310 and 583.360, subdivision (a), because no new judgment against KIC had been entered and more than six years had passed since the first appeal confirming the earlier judgment was void. In May 2021, KIC again filed a memorandum of costs. In July 2021, KIC filed its attorney fee motion, seeking more than $286,000 in attorney fees.

In the October 2021 order, the trial court denied KIC's attorney fee motion. The trial court explained, "[i]n its attempt to equate itself with a defendant who obtains a dismissal of the claims against it, KIC ignores the fact that a default was entered against it. But entry of default cannot be ignored—and the case cannot proceed as if no default had been entered." The trial court reasoned the dispositive fact was that KIC was in default, and it concluded KIC was out of court and section 1033.5 and Civil Code section 1717 "have no role to play here." KIC appealed the October 2021 order, but

4

that appeal was dismissed in December 2022 for KIC's failure to timely file its opening brief.

On October 19, 2022, KIC moved to vacate the October 2021 order. KIC asserted Shahbazi had cleared the default against it on September 18, 2015, when Shahbazi purportedly served a "Notice of Clearing Default and Default Judgment."[2] According to KIC, it was thus no longer in default and the October 2021 order was void because the order was based on the purportedly false premise that KIC was in default. KIC asserted sections 663 and 473, subdivision (d), allowed the trial court to vacate the void order. Shahbazi opposed, arguing, among other things, the default remained in place and the "Notice of Clearing Default and Default Judgment" had been rejected by the court.[3]

On January 12, 2023, the trial court denied KIC's motion to vacate. Regarding section 663, the trial court held, "[g]iven that KIC is attacking an order that was entered over a year ago, and filed its motion on [October 19, 2022]—more than 75 days ago—even if section 663 applied here the motion is untimely and the court has no power to grant it." Regarding section 473, subdivision (d), the trial court noted a "judgment is void if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties[,]" but a "judgment resulting from judicial error is at most *voidable*, not void." While KIC asserted the October 2021 order was void on its face because KIC was purportedly not in default, the trial court held this does not

---

[2] Among other things, this document said "Plaintiff now clears both the default and default judgment and by doing so, files her First Amended Complaint against [KIC], and Zaman Kabir as President of the Corporation."

[3] The current record on appeal includes a document entitled "Notice of Rejection of Electronic Filing."

5

go to jurisdiction and, additionally, KIC was and remains in default according to the court's file. The trial court explained, "on its face, the order premised on KIC being in default is both valid and correct." The trial court also noted "KIC would seek to show voidness based on facts outside the record[,]" but such a motion was untimely because it was required to be filed within six months.

DISCUSSION

On appeal, KIC argues the trial court erred in denying its motion to vacate under sections 663 and 473 because the October 2021 order was void and its motion to vacate was timely. We disagree.[4]

I.

SECTION 663

Under section 663, a party may bring a motion to set aside and vacate a judgment under certain circumstances.[5] Under section 663a,

---

[4] We note KIC filed its motion to vacate while its appeal from the October 2021 order was pending. Neither KIC nor Shahbazi contends the trial court could not hear KIC's motion because of the then-pending appeal. As this court explained in the first appeal in this case, the trial court has jurisdiction to vacate a void order, even after a notice of appeal is filed. (See *Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 523.) Thus, despite the fact an appeal was pending, the trial court could consider KIC's motion to vacate because the October 2021 order was purportedly void and deny the motion.

[5] Section 663 provides, in part, "[a] judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected."

6

subdivision (a)(2), the party intending to make a motion to set aside and vacate a judgment under section 663 must file and serve a notice of intention by the earliest of "15 days of the date of mailing of notice of entry of judgment by the clerk of the court pursuant to [s]ection 664.5, or service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment." Here, the current record on appeal does not reflect that a notice of entry of the October 2021 order was mailed by the clerk or served by Shahbazi, and thus, the deadline of 180 days applies. Therefore, as the trial court correctly reasoned, KIC's motion to vacate was untimely under section 663a because it was filed on October 19, 2022—more than one year after the October 2021 order—and the current record on appeal does not reflect that KIC had filed a notice of intention earlier.[6]

On appeal, KIC argues its motion was timely because of Emergency rule 9, which was adopted as part of a series of emergency rules by the Judicial Council in response to the Covid-19 pandemic. According to KIC, Emergency rule 9 supposedly states that, "[n]otwithstanding any other law, the statutes of limitation for civil causes [of] actions are tolled from April

---

[6] Section 663a, subdivision (b), states, in part, "the power of the court to rule on a motion to set aside and vacate a judgment shall expire . . . 75 days after the filing of the first notice of intention to move to set aside and vacate the judgment. If that motion is not determined within the 75-day period, or within that period as extended, the effect shall be a denial of the motion without further order of the court." Here, the trial court also recognized its order denying the motion to vacate was more than 75 days after KIC filed its motion. KIC argues the trial court erred regarding the 75-day period, which KIC says was extended. However, whether the 75-day period was met is a distinct issue from whether the deadline to file the notice of intention was met under section 663a, subdivision (a). We need not further address KIC's arguments regarding the 75-day period given our conclusion the motion was untimely.

7

6, 2020, until 90 days after the Governor declares that the state of emergency related to the Covid-19 pandemic is lifted." Thus, KIC claims its motion to vacate was timely because the Governor did not lift the state of emergency related to Covid-19 until February 2023. KIC's argument is meritless for multiple reasons.

As an initial matter, KIC provides no authority that this purported recitation of Emergency rule 9, which references the tolling of statutes of limitations for civil causes of action, should apply to the deadline for filing a notice of intention for a motion to vacate. (See *People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 40 (*Financial Casualty*) ["the Judicial Council clearly and repeatedly expressed its intent that Emergency rule 9 applies only to *initial pleadings* that *commence* a civil cause of action or special proceeding"].) But in any event, KIC omits that the language it supposedly quotes from Emergency rule 9 regarding tolling until 90 days after the Governor lifts the state of emergency related to Covid-19 is not in the amended Emergency rule 9. Instead, the amended Emergency rule 9 makes clear that there was not an open-ended tolling period extending until 2023.

Specifically, "[i]n response to practitioner comments expressing concern about the impact of this open-ended extension on land-use cases that typically have short statutes of limitations, the Judicial Council amended Emergency rule 9 to provide different tolling periods depending on the length of the underlying statute of limitations or repose." (*Financial Casualty, supra,* 73 Cal.App.5th at p. 39.) Emergency rule 9 in its amended form provides, in part, "the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020" and "the statutes of limitations and repose for civil causes of action

that are 180 days or less are tolled from April 6, 2020, until August 3, 2020."
(*Ibid.*) Thus, even if Emergency rule 9 could apply to the deadline in section
663a, the possible tolling period in Emergency rule 9 ended long before the
October 2021 order and when KIC was required to move to vacate.[7]

## II.

### SECTION 473

Under section 473, subdivision (d), a court "may, on motion of
either party after notice to the other party, set aside any void judgment or
order." Notably, "[s]ection 473, subdivision (d) allows a trial court to set aside
a void judgment without mentioning a time limit." (*Johnson v. E-Z Ins.
Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 98 (*Johnson*).)

"'A court can lack fundamental authority over the subject matter,
question presented, or party, making its judgment void, or it can merely act
in excess of its jurisdiction or defined power, rendering the judgment
voidable.' [Citation.] A judgment is void if the court lacked jurisdiction over
the subject matter or parties, for example, if the defendant was not validly
served with summons. [Citation.] In contrast, a judgment is valid but
voidable if it is the result of the court's failure to follow proper procedure."
(*Johnson, supra,* 175 Cal.App.4th at p. 98.) "'A trial court has no statutory
power under section 473, subdivision (d) to set aside a judgment that is not
void . . . .' [Citation.]" (*Lee v. An.* (2008) 168 Cal.App.4th 558, 563 (*Lee*).)
Thus, an order that is mere legal error or voidable, as opposed to void, cannot

---

[7] KIC did not argue in the trial court and has not argued on this
appeal that its prior appeal from the October 2021 order tolled the deadline
to file its motion to vacate under sections 663 and 473. Any such argument
would be forfeited. (See *Ables v. A. Ghazale Brothers, Inc.* (2022) 74
Cal.App.5th 823, 828–829.)

be vacated under section 473, subdivision (d). (See *Wells Fargo & Co. v. City Etc. of S.F.* (1944) 25 Cal.2d 37, 40 ["mere erroneous decision on a question of law, even though the error appears on the face of the record, does not make the judgment void, if the court had jurisdiction of the subject matter and of the person of the defendant"]; *Johnson, supra,* 175 Cal.App.4th at p. 99 [concluding judgment that was at most voidable could not be challenged under section 473, subdivision (d)].) We review de novo whether an order is void. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*).)

Here, KIC's argument on appeal fails because it does not establish that the October 2021 order was void. KIC asserts the October 2021 order is void because it is premised on KIC being in default when Shahbazi purportedly had cleared the default. But even if KIC is correct that the default had been cleared, it does not establish the October 2021 order is void—as opposed to being a mere erroneous legal decision or, at most, voidable—because the trial court did not lack jurisdiction to deny the attorney fee motion. Indeed, despite the trial court expressly reasoning that KIC's argument "does not go to jurisdiction[,]" KIC failed to directly address why that ruling was erroneous.[8]

---

[8] The parties dispute whether the "Notice of Clearing Default and Default Judgment"—which was purportedly served but rejected by the court—is extrinsic evidence and can be considered when evaluating whether the October 2021 order is void. (See *Pittman, supra,* 20 Cal.App.5th at p. 1020 ["courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence"].) However, we need not resolve this issue because, even assuming the notice should be considered, KIC's argument does not establish the October 2021 order is void for the reasons discussed above.

Additionally, KIC points to Shahbazi not filing an opposition to KIC's attorney fee motion. According to KIC, the trial court therefore "acted as [Shahbazi's] attorney" and without jurisdiction by denying attorney fees based on an argument not made by Shahbazi. KIC appears to be arguing that, if a party fails to file an opposition in the trial court in response to a motion, then the trial court *must* grant the motion and any order denying such a motion is void. That is not the law, and the fact that there was not an opposition filed does not make the trial court's denial of the motion per se void. KIC's own citation undermines its argument. KIC cites to California Rules of Court, rule 8.54, subdivision (c), which provides "[a] failure to oppose a motion may be deemed a consent to the granting of the motion." Even putting aside that this is an appellate rule, the rule expressly uses "may" and does not say a court must always grant an unopposed motion.[9]

KIC also argues on appeal its motion was timely under section 473, subdivision (b). However, KIC's motion to vacate did not assert section 473, subdivision (b), as a ground for relief, and KIC makes no argument on appeal for how the October 2021 order was "through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Moreover, a motion to vacate under section 473, subdivision (b), must be brought "'within a reasonable time, in no case exceeding six months, . . . ' after the judgment, dismissal or order was made." (*Lee, supra,* 168 Cal.App.4th at p. 563.) Thus, KIC's motion to vacate is untimely under section 473, subdivision (b), because

---

[9] KIC also asserts the Rutter Group, Civil Procedure Before Trial says "[f]ailing to file an opposition to a motion may be construed by the [c]ourt as an admission that the motion has merit and should be granted[.]" KIC fails to provide the specific section it is citing, but in any event, KIC's argument is similarly unavailing as it references what a court "may" do, not that a court must always grant an unopposed motion.

11

it was not filed until more than one year after the October 2021 order. And as discussed above, Emergency rule 9 did not toll the time for KIC to file its motion to vacate. KIC also asserts "the untimeliness was due to the delay in [the] [c]ourt's scheduling caused by [the] Covid-19 pandemic which was out of [the] control of [KIC,]" but this bare assertion is insufficient. KIC provides no support for how it supposedly was prevented from timely filing its motion, let alone authority for how that would save its untimely motion. (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620–621 (*L.O.*) [noting appellant waives a point by not supporting it with reasoned argument and appropriate legal authority].)[10]

---

[10] KIC also argues this court should reverse the October 2021 order. As discussed above, we conclude the trial court did not err in denying KIC's motion to vacate. To the extent KIC is attempting to argue this court should reverse the October 2021 order regardless of the motion to vacate, KIC's argument fails. KIC has provided no authority for how the October 2021 order can be reversed on this appeal if the denial of the motion to vacate is affirmed. (See *L.O., supra,* 96 Cal.App.5th at pp. 620–621.) Indeed, KIC previously directly appealed the October 2021 order, but KIC failed to timely file its opening brief and the appeal was dismissed.

## DISPOSITION

The order denying KIC's motion to vacate is affirmed.

Respondent shall recover her costs on appeal.[11]


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.

---

[11] In her respondent's brief, Shahbazi requests attorney fees. California Rules of Court, rule 3.1702(c) addresses the procedure for seeking appellate attorney fees. We decline to determine in the first instance whether Shahbazi is entitled to attorney fees on appeal.